WRIGHT, J., CONCURRING IN PART AND DISSENTING IN PART:
While I agree with the majority's well-reasoned opinion in all other respects, I dissent as to its remand for the trial court to determine whether it would be equitable to offset the father's pre-petition liabilities with the child's "excess" social security income. While I firmly believe that trial courts should be afforded a great deal of discretion in such matters, the child's dependent social security benefits are funds that the federal government has paid for the benefit of the child. How can a state court have the authority to take a child's money to pay an existing debt of the father?
To quote the majority, "the overarching purpose of child support orders [is] to benefit the dependent child in question." In this case, Seeger's current support obligation is set at $409 per month, and his child receives social security benefit of $1204 per month based on Seeger's Social Security retirement. While the amount of the child's dependent social security benefit is greater than the amount of the father's child support obligation, that does not change the fact the funds belong to the child. This is clear from the statute providing the entitlement. U.S.C. § 402(d)(1) reads, in pertinent part: "Every child ... of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, ... shall be entitled to a child's insurance benefit...." (Emphasis added.) The child is entitled to the benefit-not a parent. While it might be appropriate to reduce child support payments by the amount of any support benefit paid the child based on the retirement of the parent, it is beyond the authority of the court to take any child's money and use these funds to pay debts the father already owes.
This Court's precedent allows the portion of the current support obligation owed by the non-custodial parent to be derived from the child's benefit. This is logical, as the father is no longer working and the child's Social Security benefit is for the child's support. Therefore, what our precedent allows is a direct substitution of these sources of future child support. Here, the majority gives the trial court the authority to take the child's benefits in excess of what was awarded as child support under the guidelines to pay a debt already owed by the father. The trial court lacks the authority to take the child's assets to pay *300 the father's debt. The child is only a party to a child support action in order to receive funds owed to that child-not to have a court invade the child's own assets for the father's benefit.
The child support benefit is paid by Social Security to support and care for the child and it is totally inappropriate to take that child's money to pay the father's past debts. A trial court should not have the discretion to do so. Therefore, I respectfully dissent as to this issue.